UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELLEN WRIGHT,

      Plaintiff,

v.                                                  Case No: 2:22-cv-373-SPC-MRM

ENGLEWOOD BEACH
& YACHT CLUB ASSOCIATION, INC.,

      Defendant.
_____/

## **ORDER**[1]

Before the Court is Plaintiff Ellen Wright's Complaint (Doc. 1). Wright sues Defendant for negligence stemming from her trip and fall on an unlevel walkway. The Complaint cites diversity jurisdiction as the basis for the Court's subject matter jurisdiction. (Doc. 1 at 1).

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking" and should do so "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). A plaintiff who asserts diversity jurisdiction must prove that diversity jurisdiction exists. *King v. Cessna Aircraft Co.*, 505

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

F.3d 1160, 1171 (11th Cir. 2007). Diversity jurisdiction requires complete diversity of citizenship among the opposing parties and an amount in controversy exceeding $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). Both prongs are uncertain here.

First, the diversity of citizenship is uncertain because Wright has not sufficiently pled the citizenship of any party.

Wright pleads that she resides in Maricopa County, Buckeye, Arizona. (Doc. 1 at 1). Residency is not enough. A person's citizenship is determined by her "domicile," or "the place of [her] true, fixed, and permanent home and principal establishment . . . to which [she] has the intention of returning whenever [she] is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). Here, Wright's domicile is not identified.

Wright pleads that "Englewood Beach & Yacht Club Association, Inc., was a corporation licensed by the State of Florida to do business within this state, with its place of business located in Englewood, Florida. (Doc. 1 at ¶ 3). But a corporation is a citizen of any state by which it has been incorporated and has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Here, Wright does not identify Englewood's state of incorporation.

Second, the Court has concerns about whether the damages claim exceeds $75,000. Wright alleges that the fall caused "serious injuries." (Doc. 1 at 2), The damages paragraph is boilerplate and Wright sues for

"compensatory damages" of more than $75,000, but with no further information from which the Court could determine that the damages exceed $75,000. (Doc. 1 at 3). "When a court conducts a facial review of a complaint to determine whether it has diversity jurisdiction, it must accept the plaintiff's factual allegations." *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.4th 1309, 1312 (11th Cir. 2021). "And, taking those factual allegations as true, the court can dismiss only if it is convinced "to a legal certainty" that the claims of the plaintiff in question will not exceed $75,000 (the current jurisdictional threshold)." *Id.* When (as here) "the plaintiff pleads an unspecified amount of damages, it bears the burden of proving by a preponderance of the evidence that the claim on which jurisdiction is based exceeds the jurisdictional minimum." *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1342 (11th Cir. 2018). This requirement is "warranted because there is simply no estimate of damages to which a court may defer." *Id.* (quoted authority omitted).

Here, even taking the factual allegations as true, the jurisdictional allegations are deficient. The Court need not accept the conclusory allegations that the damages exceed $75,000, *see Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009), and Wright was injured in an unknown fashion, leaving the Court to rely on mere conjecture to determine that the damages exceed $75,000. Wright may amend.

Accordingly, it is now

**ORDERED:**

(1) The Complaint (Doc. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

(2) Plaintiff may file an amended complaint by **July 14, 2022**. **Failure to do so will cause the Court to close this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record